IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**CRYSTAL DAWN ROTH,**

    Petitioner,

v.                           Crim. Action No.   1:21-CR-46-2
                             Civil Action No.    1:23-CV-56

**USA,**

    Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On July 7, 2023, Crystal Dawn Roth ("petitioner"), through counsel, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:23-CV-56 Doc. 1; Criminal Action Number 1:21-CR-46-2 Doc. 111].[1] On July 18, 2023, the Court directed respondent to file an answer. [Doc. 116]. On September 15, 2023, the United States filed a Response in opposition to the Motion, [Doc. 120], and on September 27, 2023, petitioner filed a reply. [Doc. 121]. On April 10, 2024, the undersigned conducted a hearing on the petition in accordance with 28 U.S.C. § 2255(b). This matter is assigned to the Honorable Thomas S. Kleeh and is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the petitioner's motion.

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

1

## II.     PROCEDURAL HISTORY

### A. Conviction and Sentence

On September 8, 2021, an indictment was filed which charged Roth with unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On November 18, 2021, Roth appeared before the undersigned for a plea hearing at which she entered a plea of guilty, pursuant to a plea agreement. The plea agreement contained a waiver of Roth's right to challenge her conviction or sentence in a motion under 28 U.S.C. § 2255 but did not bar claims based on ineffective assistance of counsel.

In Roth's Presentence Investigation Report, the probation officer recommended that Roth's base offense level be 26 based on U.S.S.G. § 2K2.1(a)(1). Under that section:

> (a) Base Offense Level (Apply the Greatest):
>
> (1) 26, if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;

U.S.S.G. § 2K2.1(a)(1). Here, it is undisputed that petitioner possessed a firearm described in 26 U.S.C. § 5485(a) and § 2K2.1(a)(1)(A) applies. For § 2K2.1(a)(1)(B), Roth had two predicate offenses. The first listed was for possession of heroin with intent to distribute in this district in case 1:13-CR-91-3; the applicability of this offense to the guideline is undisputed. The second predicate offense was for possession with intent to deliver a controlled substance offense (methamphetamine) in the Circuit Court of Harrison County, West Virginia, at Docket No. 19-F-156-1. This conviction was for violation of West Virginia Code § 60-4-401(a), and its applicability as a "controlled substance offense" is central to the instant habeas petition.

Before sentencing occurred, the Fourth Circuit issued its decision in ***United States v. Campbell***, 22 F.4th 438 (4th Cir. 2022), discussed more fully below.  Notably, the district court held a sentencing hearing on April 11, 2022, but continued the sentencing and issued an Order the next day to allow the parties to review whether the base offense level under the United States Sentencing Guidelines was affected by ***Campbell***.  On April 29, 2022, the United States submitted a memorandum addressing ***Campbell*** and arguing that ***Campbell*** did not affect this case.  That memorandum included:

> Moreover, the government has conferred with defendant's counsel of record, and he agreed that there is no nonfrivolous basis on which to dispute the government's foregoing analysis.

[Doc. 90 at 6].  Thus, on June 28, 2022, Judge Kleeh issued a memorandum opinion and order applying U.S.S.G. § 2K2.1(a)(1), finding that defendant's prior convictions qualified as controlled substance offenses under the Guidelines.  This conclusion relied on the argument that ***Campbell*** conflicted with the Fourth Circuit's earlier holding in ***United States v. Dozier***, 848 F.3d 180 (4th Cir. 2017), which found that W.Va. § 60A-4-401(a) was divisible under the modified categorical approach.

On July 1, 2022, Roth appeared before the district court and was sentenced to 100 months imprisonment.  Defense counsel did not raise any objections to the presentence report, and in regard to ***Campbell***, stated that he could find no law to support an objection to the calculation.

Petitioner did not appeal her conviction or sentence.

**B. *United States v. Campbell***

On January 7, 2022, the Fourth Circuit issued the decision in ***United States v. Campbell***, 22 F.4th 438 (4th Cir. 2022) which would form the basis of petitioner's primary

3

argument in the instant motion.  In that case, Campbell was convicted in this district of possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and was sentenced as a career offender.  *Id.* at 440.  The career offender enhancement was based on two predicate offenses—one for a West Virginia conviction for delivery of crack cocaine in violation of W.Va. Code §§ 60A-1-101(h) and 60A-4-401, and one for a federal conviction for aiding and abetting distribution of cocaine base within 1,000 feet of a school.  *Id*. at 441.  The West Virginia statute in question criminalized attempt offenses, and at sentencing Campbell objected to the career offender enhancement on the basis that the Sentencing Guidelines do not include attempt within the definition of a "controlled substance offense."  *Id*.  The sentencing court overruled Campbell's objections but, on appeal, the Fourth Circuit agreed, finding that the West Virginia conviction was not a "controlled substance offense" because the West Virginia statute encompassed "attempted transfer" of drugs and because the definition of a "controlled substance offense" under the Sentencing Guidelines did not include attempted drug offenses.  *Id*.

The West Virginia statute in question made it "unlawful for any person to manufacture, *deliver*, or possess with intent to manufacture or deliver a controlled substance."  *Id*. at 441–442, quoting W.Va. Code § 60A-4-401(a).  Under that statute, deliver "means the actual, constructive, *or attempted* transfer from one person to another" of controlled substances.  W.Va. Code § 60A-4-1-101(h).  Thus, the Fourth Circuit concluded that the least culpable conduct under the statute was an attempt to deliver a controlled substance.  *Campbell*, 22 F.4th at 442.

**C. Habeas Corpus**

On July 7, 2023, petitioner filed the instant Motion.  In petitioner's memorandum in

4

support, petitioner argues that she received ineffective assistance of counsel. Specifically, petitioner argues that her trial counsel was ineffective for failing to argue that *Campbell* was controlling and thus failing to object to the base offense of her Sentencing Guidelines which resulted from the application of U.S.S.G. § 2K2.1(a)(1).

On July 18, 2023, the Court directed the Government to file an answer to the Motion. In its answer, the Government argues that petitioner's counsel was not ineffective. In essence, the Government argues for the same conclusion reached by the Court—that *Campbell* did not control in this case because it conflicted with the earlier-decided *Dozier* and that petitioner's defense counsel did not act unreasonably. Further, the Government argues that petitioner's prior state conviction for possession with intent to distribute remains a "controlled substance offense" and that she was therefore not prejudiced even if counsel did act unreasonably.

On February 14, 2024, the undersigned set this matter for a hearing pursuant to 28 U.S.C. § 2255(b). On April 10, 2024, the Court conducted a hearing via teleconference.

### III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which

5

inherently results in a complete miscarriage of justice.'" *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Id*. (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." *Id*. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

## IV.   ANALYSIS

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: first, he must show that counsel's performance fell below an objective standard of reasonableness and, second, that he was prejudiced by counsel's alleged deficient performance. *Strickland*, 466 U.S. at 669.

When considering the reasonableness prong of *Strickland*, "[t]he performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'" *Gray*, 529 F.3d at 228 (quoting *Strickland*, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel

determination, a court must consider "the practical limitations and tactical decisions that counsel faced." **Bunch v. Thompson**, 949 F.2d 1354, 1363 (4th Cir.1991).

To satisfy the prejudice prong of **Strickland**, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. **Id**. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Id**. The second prong of **Strickland** requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. **Strickland**, 466 U.S. at 687. If it is clear the petitioner has failed to satisfy either prong of the **Strickland** standard, a court need not inquire into whether he satisfied the other.

**A. Petitioner cannot show that counsel's failure to argue that *Campbell* was controlling was unreasonable.**

In reviewing a claim for ineffective assistance of counsel, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." **Strickland v. Washington**, 466 U.S. 668, 689 (1984). "Ineffective-assistance-of-counsel claims will be raised only in those cases where a defendant has been found guilty of the offense charged, and from the perspective of hindsight there is a natural tendency to speculate as to whether a different trial strategy might have been more successful." **Lockhart v. Fretwell**, 506 U.S. 364, 372 (1993). Here, the undersigned finds that trial counsel's performance did not fall below the objective standard of reasonableness set forth in **Strickland**.

The alleged error by counsel in this case was the failure to argue that **United States v. Campbell**, 22 F.4th 438 (4th Cir. 2022), was controlling. Instead, defense

7

counsel essentially agreed that there was not a nonfrivolous basis to dispute the Government's position that *Campbell* conflicted with *United States v. Dozier*, 848 F.3d 180 (4th Cir. 2017), and that *Dozier* controlled. The undersigned finds that, evaluating this decision from counsel's perspective at the time, defense counsel acted reasonably. The undersigned notes that the sentencing Court conducted an in-depth review of this precise issue and reached the same conclusion. *See* [Doc. 97]. Admittedly, the Court's analysis was done without the benefit of conflicting briefing from defense counsel, but the fact that the Court directed the parties specifically to review how *Campbell* affected defendant's Guideline calculation indicates that this was not an issue which simply slipped by unnoticed—the Court, and presumably defense counsel, conducted an analysis of this issue. The undersigned further notes that other courts in the Fourth Circuit have likewise found that *Campbell* and *Dozier* presented an apparent contradiction. *See United States v. Towles*, No. 3:22-CR-179, 2023 WL 5246320, n. 3 (E.D. Va. Aug. 15, 2023) ("The *Campbell* decision runs counter to another prior Fourth Circuit decision in which the court applied the modified categorical approach and held that a prior conviction under W. Va. Code § 60A-4-401(a) 'qualifies as a controlled substance offense.' *United States v. Dozier*, 848 F.3d 180, 188 (4th Cir. 2017)."); *United States v. Brown*, No. 3:22-CR-134, 2023 WL 4138244, at *4 (E.D. Va. June 22, 2023) ("*Campbell* justified its disregard of *Dozier* because "the question now before us was not at issue in that case [*Dozier*]." 22 F.4th at 447. It is difficult to understand that observation when *Dozier* and *Campbell* involved the same statute and the same Guideline."). Even if petitioner could show that the position taken by defense counsel was in error, it was the same conclusion reached by this Court and others since, and the undersigned finds that it was not below the

8

"objective standard of reasonableness" measured by prevailing professional norms which *Strickland* requires. "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (citations and quotation omitted). Accordingly, the undersigned finds that defense counsel's conduct, assessed from counsel's perspective at the time, was reasonable.

**B. Petitioner is unable to show that she was prejudiced by counsel's decision.**

Even if petitioner could meet the first *Strickland* prong, she has not shown that the outcome of the proceeding would have been different. Petitioner has not shown that the district court erred in its analysis of *Campbell* or that defense counsel raising another argument based on *Campbell* would have altered the outcome of the proceeding. As set forth above, it appears there was a reasonable basis for the Court to conclude that *Campbell* and *Dozier* were in conflict and that *Dozier* therefore controlled. Further, since the *Campbell* decision was issued, the Fourth Circuit has indicated that the decision was limited by the specific manner in which the facts were presented in that case:

> In defense of the *Campbell* decision, the government did not dispute in the *Campbell* proceedings that the West Virginia drug distribution statute criminalizes the attempt offense of attempted delivery. Moreover, the Sixth Circuit accepted a similar concession with respect to the comparable Tennessee drug distribution statute, *see United States v. Havis*, 927 F.3d 382, 385 (6th Cir. 2019) (en banc), before later recognizing that concession was erroneous, *see* [*United States v.*] *Garth*, 965 F.3d [493,] 497 [(6th Cir. 2020].

*United States v. Groves*, 65 F.4th 166, 174 n. 5 (4th Cir.), cert. denied, 144 S. Ct. 336 (2023); *see also United States v. Miller*, 75 F.4th 215, 229 n. 11 (4th Cir. 2023); *United States v. Davis*, 75 F.4th 428, 445 n. 16 (4th Cir. 2023); *see also United States v. Nichols*, No. 3:18-CR-52, 2024 WL 666176, at *3 (E.D. Va. Feb. 16, 2024) (Payne, J.) ("*Campbell* has been significantly limited to its particular facts by the decisions in

9

[*Groves*] and [*Davis*] and [*Miller*].").

In contrast, petitioner argues that *Campbell* has been "reaffirmed and expanded on," citing *United States v. Jackson*, No. 22-4179, 2023 WL 2852624, at *3 (4th Cir. Apr. 10, 2023). However, after petitioner raised that argument, the Fourth Circuit's opinion in *Davis* reached the opposite conclusion and addressed *Jackson*:

> In a recent unpublished decision rendered without argument, a separate panel of our Court — shorn of the benefit of the *Groves* precedent — ruled that South Carolina Code section 44-53-375(B) is categorically not a "controlled substance offense" under the Guidelines. *See United States v. Jackson*, No. 22-4179, 2023 WL 2852624 (4th Cir. Apr. 10, 2023). Being unpublished, however, that decision "do[es] not constitute binding precedent in this Circuit." *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 545 n.4 (4th Cir. 2019); *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (en banc) (same).

*Davis*, 75 F.4th at 444 n. 15. Petitioner concedes this point in her reply, but argues that "neither *Davis* nor *Jackson* has any effect on the applicability of *Campbell* to Ms. Roth's case" and that *Campbell* remains good law. [Doc. 121 at 4]. While the undersigned agrees that *Campbell* remains valid as to its basic holding that the Guidelines' definition of a "controlled substance offense" does not include attempted delivery, it appears from the subsequent decisions that *Campbell*'s application to the West Virginia statute is limited to the facts as presented in *Campbell*.

Finally, in addressing the prejudice prong, petitioner argues that the prejudice prong is met because an error in the Guideline range is generally sufficient to establish prejudice. As cited by petitioner, "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*,

10

578 U.S. 189 (2016).  "Thus, if counsel fails to object to the erroneous application of the career offender enhancement, that alone can be sufficient to demonstrate prejudice." **United States v. Cannady**, 63 F.4th 259, 265 (4th Cir. 2023).  However, here, it does not appear that petitioner's Guideline range was incorrectly calculated, and petitioner is thus unable to show that she was prejudiced by defense counsel's actions.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:23-CV-56 Doc. 1; Criminal Action Number 1:21-CR-46-2 Doc. 111**] be **DENIED** and **DISMISSED with prejudice**.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to

all counsel herein. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with the civil case.

**DATED**:  May 6, 2024.

                                                                    /s/ *Michael John Aloi*
                                                           MICHAEL JOHN ALOI
                                                           UNITED STATES MAGISTRATE JUDGE